Agency decision not to fund project; judicial review. — On March 28, 1975 the court issued the following order:
Before cowen, Chief Judge, davis and nichols, Judges.
“These actions are before the court on defendant’s motion for summary judgment, objections of both plaintiffs thereto, and defendant’s response.
“Plaintiffs, research chemists, were employed by the Veterans Administration (VA) at its Brooklyn hospital, on a research project entitled ‘Origin of Foam Cells in Babbit Atherosclerosis Lesions.’ It was decided to terminate this project and plaintiffs, fearing they would be laid off, drafted and submitted another project they entitled ‘Derivation and Bole of Foam Cells in Atherosclerosis.’ This project was rejected for funding in a decision plaintiffs characterize as arbitrary and capricious, and plaintiffs were removed from employment under Beduction in Force (BIF) procedure. Plaintiffs exhausted their appeal rights to the Civil Service Commission and brought these actions under 28 U.S.C. § 1491.
“Plaintiffs attack the decision not to fund their project rather than the decision to remove them by BIF. Laws and regulations governing the proper conduct of BIF’s are not here relevant. Assuming the decision not to fund to be proper, they adduce no reason why they should not be BIF’d. However, they show no reason why an agency decision not to fund a project should be subject to judicial review, nor do they show what standards a court should apply, supposing review to be permissible under any circumstances. In general, we believe that agencies enjoy discretion how to spend funds made available by Congress, within applicable authorizing and appropriating legislation. If there be any instance when a decision not to fund *886 a project is subject to judicial review, plaintiffs have not shown what it is, nor what procedures in making such decisions are prescribed by law or regulation for their protection, or what constitutes due process in this area. We do not deem it appropriate for us to investigate whether VA officials were wise in not funding the project, or whether they failed to consider plaintiffs’ project as carefully as they might have done.
“Accordingly, upon consideration, of the administrative record, and the briefs of the parties, but without oral argument. we determine that there is no issue of fact requiring trial. It is ordered and adjudged that the petitions of both plaintiffs are dismissed.”